UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| KENNETH PICKET | CIVIL ACTION NO. 06-221 |
|---|---|
| -vs- | JUDGE DRELL |
| FAMILY DOLLAR STORES OF LOUISIANA, INCORPORATED | MAGISTRATE JUDGE KIRK |

RULING

Before the Court is a motion for partial summary judgment filed by the defendant, Family Dollar Stores of Louisiana, Incorporated ("Family Dollar") [Doc. #11]. The plaintiff, Kenneth Picket ("Picket"),[1] has not filed a response to the motion.

FACTS

Picket was employed by Family Dollar from October 10, 2002 until November 11, 2004. Def.'s Statement of Uncontested Facts ¶¶ 1, 19 [Doc. #11-4]. Picket confirmed during the hiring process that his employment was at-will and that he "or Family Dollar ha[d] the right to end the employment relationship at anytime [sic] for any reason with or without cause." Id. ¶ 3. Picket was made aware that only the Chairman or the President of Family Dollar could enter into

---

[1] The proper spelling of the plaintiff's last name is unclear. The complaint uses the spelling "Picket," whereas the employment documentation provided by Family Dollar indicates that plaintiff was employed under the name "Pickett." Given the assumption that plaintiff would spell his name properly in his own complaint, the Court uses "Picket."

employment contracts on behalf of the company.  Id. ¶ 4.  Family Dollar never entered into such an employment contract with Picket.  Id. ¶ 5.

On December 6, 2002, Picket became the manager of his store, a position which paid a salary rather than an hourly wage.  Id. ¶ 6.  During the interview process for becoming a store manager, Picket "confirmed that, as a manager, he agreed to work a *minimum* of 52 hours per week."  Id. ¶ 7.  In June, October, and November of 2004, Picket's store received unfavorable performance evaluations from Family Dollar's district management.

On July 30, 2004, Picket fired one of his cashiers, Regina Phifer ("Phifer"), allegedly "for having a cash shortage in excess of $50."  Id. ¶ 10.  Phifer subsequently "filed a complaint with Family Dollar's corporate Human Relations Department alleging that Mr. Pickett [sic] sexually harassed her."  Id. ¶ 11.  After the filing of this complaint, Picket claimed that "Ms. Phifer sexually harassed him by exposing her breasts to him."  Id. ¶ 12.

On August 12, 2004, Katie Breaux ("Breaux"), the district manager over plaintiff's store, performed an investigation of both Picket's and Phifer's allegations.  Id. ¶ 13.  "As a result of the investigation, Family Dollar concluded that there was no evidence of sexual harassment by either Mr. Pickett [sic] or Ms. Phifer.  Family Dollar did conclude that Mr. Pickett [sic] acted inappropriately as a manager and Family Dollar reinstated Ms. Phifer as a cashier."  Id. ¶ 14.

On August 27, 2004, Picket submitted a form indicating that his reasons for

terminating Phifer were "exposing her breasts to him on July 30, 2004, as well as not coming to work." Id. ¶ 15. On November 8, 2004, the district manager informed Picket that he was being warned for "manipulating an employee's time record" and that if he committed another infraction he would be fired immediately. Id. ¶ 18. On November 11, 2004, Picket resigned without notice. Id. ¶ 19.

Picket filed a petition for damages in the Twelfth Judicial District Court in Avoyelles Parish on November 23, 2005, seeking damages for discrimination under both state and federal law, breach of contract, violation of the Louisiana Wage Payment Act, and intentional infliction of emotional distress [Doc. #1]. Family Dollar removed the case to federal court on February 10, 2006 [Doc. #2]. On May 12, 2006, Family Dollar filed a motion for partial summary judgment, seeking to dismiss all claims except those for discrimination [Doc. #11]. Picket did not respond to the motion.

## DISCUSSION

A. <u>Summary Judgment Standard</u>

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

3

of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the Court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).[2] Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the

---

[2] Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence–not argument, not facts in the complaint–will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted).

B. Breach of Contract Claim

The defendant's statement of uncontested facts states that there was no negotiated contractual relationship between Family Dollar and Picket. Def.'s Statement of Uncontested Facts ¶¶ 4, 5. Picket has not disputed this statement of facts and therefore the Court accepts it as true. Accordingly, Picket's claim for breach of contract will be dismissed with prejudice.

C. Louisiana Wage Payment Act Claim

Family Dollar moves to dismiss the Wage Payment Act claim on the basis

5

that Picket was paid his full salary for all of the days that he worked. Picket's claim under this provision seems to be rooted in the notion that, since he worked more than 52 hours per week, he should be compensated for this additional time on an hourly basis. Picket, however, was a store manager and therefore was salaried rather than paid on an hourly basis. If this classification is valid under the law, this claim has no merit. As such, the issue before us is whether Picket was properly classified as a manager and therefore was exempt from the wage and hour requirements of the law.

Under the Fair Labor Standards Act, employees are exempt from overtime compensation if they are paid on a salary basis and work "in a bona fide executive, administrative or professional capacity." 29 U.S.C. 213(a)(1); see also Cowart v. Ingalls Shipbuilding, Inc., 213 F.3d 261, 262-63 (5th Cir. 2000). To qualify as a salaried employee, one must receive more than $250 per week as predetermined compensation received no more frequently than once a week. Cowart, 213 F.3d at 264. The form indicating Picket's promotion to store manager shows that he was earning $500 per week in that capacity. Def.'s Mot. Summ. J., Ex. 3. As such, the salary requirement was met.

Courts employ the duties test to determine whether an employee works in a "*bona fide* executive, administrative or professional capacity." Cowart, 213 F.3d at 262-63. Courts look to whether the employee's "primary duties involve performance of office or non-manual work directly related to management policies

or general business operations of this employer or his employer's customers." Id. at 266 (internal citation and quotation marks omitted). "In addition, an exempt administrative employee must have the authority and power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance." Id. The evidence before the Court indicates that Picket was responsible for general management of the store and that his employment therefore met this test. As such, Picket was an exempt employee properly paid on a salaried basis. Given the absence of an employment contract and the undisputed fact that Family Dollar properly paid Picket for the days that he worked on a salaried basis, this claim will be dismissed with prejudice.

D. Intentional Infliction of Emotional Distress Claim

A claim for intentional infliction of emotional distress under Louisiana law requires the plaintiff to prove three elements.

> [T]o recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

Nicholas v. Allstate Ins. Co., 765 So. 2d 1017, 1022 (La. 2000).

Picket's allegations that he was sexually harassed and forced to work eighty to ninety hours per week fall short of establishing extreme and outrageous conduct. As such, this claim will be dismissed with prejudice.

## CONCLUSION

Based on the foregoing reasoning, Family Dollar's motion for partial summary judgment will be GRANTED. Picket's claims for breach of contract, violation of the Louisiana Wage Payment Act, and intentional infliction of emotional distress will be DISMISSED WITH PREJUDICE.

SIGNED on this 27th day of July, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge